Dear Mr. Sefcik:
This office is in receipt of your request for an opinion of the Attorney General relative to admission and use of the museum by both profit and nonprofit groups. As I understand your questions, you ask the following:
 1. Can members of a profit or nonprofit group be admitted to the State Museum without payment of the admission fee;
 2. Can the Museum exchange free admission for services by members of certain groups;
 3. Can the Museum also exchange office space, telephones and other accommodations for specified services of an organization;
 4. Can members of such service organizations identify themselves as staff of the Museum when they are not state employees or granted such designation by the Museum; and,
 5. Can collections of the Museum be used in promoting programs by service groups without the Museum's authorization?
R.S. 25:341 et seq. establishes the Louisiana State Museum under the management of the office of the State Museum of the Department of Culture, Recreation and Tourism with a Board of Directors. Under the powers and duties of the Board in R.S. 25:342 is the mandate that the Board adopt "bylaws establishing policies and procedures for its governance." The office of the State Museum is authorized to enter into contracts and agreements with any public agency or nonprofit corporation which has been established for supporting the programs and activities of the State Museum, including the Friends of the Cabildo, the Old State Capitol Associates, the Friends of the State Exhibit Museum, and the Louisiana Museum Foundation for establishment of offices, stores or exhibits on the property and in the buildings of the museum. It is further provided the State Museum may also enter into contracts and agreements for joint construction, equipment, maintenance and financing of such buildings and joint financing, supervision, and conduct of cooperative enterprises and undertakings. The office of the State Museum shall have custody and administer the buildings, collections, and exhibitions of the State Museum complex in the city of New Orleans, the Old State Capitol, the State Museum-Shreveport and others subsequently established. The Board is authorized to set and charge admission and tour fees and user or rental fees to any or all museum buildings and exhibits, and the user fee is to reflect the actual cost of maintenance of the space rented and market rates for comparable space in the locality of the space rented.
It appears the answer to your questions are controlled by the provisions of R.S. 25:342 which give control of the buildings, collections, and exhibits in the State Museum to the Board. Thus, the answer to each question turns on the matter having the approval and agreement of the Board.
The Board is authorized to set and charge admission and tour fees, and members of any group could only be admitted without payment of an admission fee if there is a legal agreement with the Board.
If the Museum Board agrees, free admission can be exchanged for services by members of the designated organization as well as office space and other accommodations. Specifically, by statute the Museum is authorized to enter into agreements for offices, stores or exhibits in the buildings of the Museum with nonprofit corporations and public agencies established primarily to support the activities of the Museum, and may enter into agreements for joint construction, equipment, maintenance, and financing of such buildings and cooperative enterprises and undertakings. R.S. 25:342(8).
In accordance with R.S. 25:346, collections of the Museum may be lent in part, but this is only with approval by the Board. For collections to be used in promoting programs by service groups, authorization of the Museum which is given custody and management thereof is likewise necessary.
Members of service organizations are obviously not state employees, and they can only legitimately identify themselves as staff of the Museum if the Board has agreed to such designation.
Although the Legislature has given the Board power to enter into agreements covering the situations presented in your questions, it appears from your request that there is uncertainty about what agreements may have been previously reached by the Museum Board, and if there is a balance between the specific services rendered by the groups to the Museum and what they receive from the Museum to justify a continuance of the agreements.
In making this determination, it is pertinent to recognize that generally things of value of the State or of any political subdivision shall not be loaned, pledged, or donated to any person, association, public or private under Article VII, Section 14, of the Louisiana Constitution of 1974. The exception in paragraph (C) allows the State and its political subdivision to engage in cooperative endeavors with public or private associations for a public purpose. Based upon the Supreme Court's decision in City of Port Allen V. La. Municipal Risk, etc., 439 So.2d 399 (La. 1983), this office has stated that the Constitution is violated whenever the public body seeks to give up something of value when it is under no legal obligation to do so. There must be an "existing legal obligation" as well as a "public purpose" to enter into a cooperative endeavor for the expenditure or loan of public property by a public body.
The Legislature has stated in R.S. 25:341 the Louisiana State Museum's primary purpose "shall be to collect, preserve, and present, as an educational resource, objects of art, documents, artifacts, and the like that reflect the history, art, and culture of Louisiana." Any cooperative endeavors with any other political subdivision, the United States, its agencies or any public or private association, corporation, or individual must be directed to the accomplishment of this purpose for public benefit to constitute a legal agreement.
We hope this sufficiently answers your questions, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General